EUGENE KORTE
1289 ALAMO DRIVE
VACAVILLE, CA 95687
(707) 469-0693

**FILED**

JAN 0 8 2013

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

EUGENE KORTE,
Complainant

## IN THE UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

2:13 - CV - 0035 JAM JFM PS

| | |
|---|---|
| EUGENE KORTE, | ) Case No.: |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MIDLAND FUNDING, LLC & THE | ) **COMPLAINT** FOR DAMAGES, |
| BRACHFELD LAW GROUP, P.C. | ) INJUNCTIVE & DECLATORY RELIEF |
| | ) AND ACCOUNTING FOR |
| and | ) VIOLATIONS OF THE FAIR DEBT |
| | ) COLLECTIONS ACT (FDCPA) |
| PERSOLVE, LLC, dba ACCOUNT | ) |
| RESOLUTION ASSOCIATES, | ) **PLAINTIFF DEMANDS TRIAL BY JURY** |
| | ) |
| Defendants | ) |
| | ) |
| | ) |

COMPLAINT/Plaintiff Eugene Korte hereby Complains to
Defendant(s) MIDLAND FUNDING, LLC and THE BRACHFELD LAW
GROUP, P.C. and PERSOLVE, LLC, dba ACCOUNT RESOLUTION
ASSOCIATES and hereby alleges as follows:


COMPLAINT FOR DAMAGES, INJUNCTIVE & DECLATORY RELIEF AND
ACCOUNTING FOR VIOLATIONS OF THE FAIR DEBT COLLECTIONS ACT
(FDCPA)

## GENERAL ALLEGATIONS

## COMMON CAUSES TO ALL CAUSES OF ACTION

1.   Eugene Korte was at all times an individual who maintains a principle place of residence within Solano County and the Judicial District of this Court.

2.  Defendant(s) MIDLAND FUNDING, LLC and THE BRACHFELD LAW GROUP, P.C. are at all times stated herein limited liability companies, organized under the laws of the State of Delaware and qualified to do business in California as THE BRACHFELD LAW GROUP, PC.

3.   Defendant 'The Brachfeld Law Group, PC' is a "debt collector" within the meaning of the FDCPA in that it uses a name other than its true name, to wit, "The Brachfeld Law Group, PC", is a business whose primary purpose is the collection of debts.

4.  Defendant(s) PERSOLVE, LLC, dba ACCOUNT RESOLUTION ASSOCIATES, is at all times stated herein, a limited

COMPLAINT FOR DAMAGES, INJUNCTIVE & DECLATORY RELIEF AND
ACCOUNTING FOR VIOLATIONS OF THE FAIR DEBT COLLECTIONS ACT
(FDCPA)

liability company,  organized under the laws of the State of Delaware and qualified to do business in California as ACCOUNT RESOLUTION ASSOCIATES.

5.  Plaintiff is a consumer within the meaning of the Consumer Legal Remedies Act and the Federal Debt Collection Act and the plaintiff is a "consumer" as defined 15 U.S.C. §1692a(3).

6.  Plaintiff is informed and believes and therefore alleges that Defendant(s) Midland Funding, LLC, The Brachfeld Law Group, P.C., and PerSolve, LLC, dba Account Resolution Associates regularly uses the United States mail in the regular collection of debts owed to another and attempts to collect debts and is a debt collector as defined by the Federal Debt Collection Practices Act (FDCPA).

## JURISDICTION

7.  The jurisdiction of this Court is pursuant to 28 U.S.C. §1331 (federal question), 15 U.S.C. §1692 (d) (fair debt

COMPLAINT FOR DAMAGES, INJUNCTIVE & DECLATORY RELIEF AND ACCOUNTING FOR VIOLATIONS OF THE FAIR DEBT COLLECTIONS ACT (FDCPA)

collection practices act) and 28 U.S.C. §1367 (pendent state claims). Jurisdiction in this case is also founded upon 15 U.S.C. §1692k which grants the federal District Courts jurisdiction to hear this action without regard to the amount in controversy. This is an action for money damages and declaratory relief.


**VENUE**

8.   Venue is pursuant to 28 U.S.C. §1391(b)(2), (c) and (d). Venue lies in the Eastern District of California at Sacramento as the claims arose from acts of the Defendants perpetrated therein. Venue for the within action is properly within the jurisdiction of this Court upon the ground, *inter alia*, that the case arises out of a violation of federal law, namely, the Federal Debt Collection Practices Act (15 U.S.C. §1692 et seq.), and the Federal Court has subject-matter jurisdiction (US Const, Art III, Section 2).

//

//

//

COMPLAINT FOR DAMAGES, INJUNCTIVE & DECLATORY RELIEF AND
ACCOUNTING FOR VIOLATIONS OF THE FAIR DEBT COLLECTIONS ACT
(FDCPA)

## FACTS

9.   Plaintiff seeks damages for defendants' unlawful practices and for an accounting to resolve the rights and responsibilities under the facts as stated in the defendant's Complaint(s) for damages filed in CALIFORNIA SUPERIOR COURT, COUNTY OF SOLANO case numbers **FCM127349 and FCM127729**.

10.   Plaintiff is informed and believes and therefore alleges that:

A.   Defendants do not have a contract with Plaintiff.

B.    That collection of any alleged debt after having been written off or charged off would be a case of unjust enrichment, and/or fraud on the consumer and/or fraud on the court.

C.   That the alleged credit card(s) issued to Plaintiff remains the property of the original card issuer(s).

D.   That ANY/ALL documents filed by Midland Funding, LLC and The Brachfeld Law Group, P.C. on the records in Solano County case **FCM127349** and authenticated by ERICA L.

COMPLAINT FOR DAMAGES, INJUNCTIVE & DECLATORY RELIEF AND
ACCOUNTING FOR VIOLATIONS OF THE FAIR DEBT COLLECTIONS ACT
(FDCPA)

BRACHFELD, ESQ SBN 180683 [of The Brachfeld Law Group,

P.C.] attorney for Midland Funding, LLC, or others, are

inadmissible, that these records cannot pass the hearsay

exception test, therefore, are not business records.

E.   That ANY/ALL documents filed by PerSolve, LLC, dba

Account Resolutions Associates on the records in Solano

County case **FCM127729** and authenticated by ALAINE PATTI-

JELSVIK, ESQ SBN 194748 attorney for PerSolve, LLC, or

others, are inadmissible, that these records cannot pass

the hearsay exception test, therefore, are not business

records.

F.   That MIDLAND FUNDING, LLC and The Brachfeld Law Group,

P.C. is not the real party in interest in Solano County

proceeding **FCM127349** and has no remaining equity in the

original Application or Agreement(s) due to insurance

settlements or charge-offs.

G.   That PERSOLVE, LLC, dba Account Resolutions Associates

is not the real party in interest in Solano County

proceeding **FCM127729** and has no remaining equity in the

COMPLAINT FOR DAMAGES, INJUNCTIVE & DECLATORY RELIEF AND
ACCOUNTING FOR VIOLATIONS OF THE FAIR DEBT COLLECTIONS ACT
(FDCPA)

original Application or Agreement(s) due to insurance settlements or charge-offs.

H.   That it is the practice of GE MONEY BANK and CHASE - WAMU to charge-off and sell evidence of indebtedness (after collecting insurance), thus the worthless commercial paper illustrating the duty between the assignor and assignee becomes legally uncollectible.

J.   That Defendant(s) arbitrarily selected Plaintiff to be responsible for this alleged debt despite not having a legal right to do so.

K.   That Defendants(s) have violated Defendants Fair Debt Credit Protection Act (FDCPA) rights with respect to this alleged debt.

L.   That GE MONEY BANK and CHASE - WAMU do not have contracts with Defendants.

11.   That Plaintiff has always objected to any amount due and is unaware of any demands that the alleged debt was to be paid in full. That Plaintiff specifically denies the **unverified Breach of Contract, and Common Count claims in**

COMPLAINT FOR DAMAGES, INJUNCTIVE & DECLATORY RELIEF AND
ACCOUNTING FOR VIOLATIONS OF THE FAIR DEBT COLLECTIONS ACT
(FDCPA)

**Solano County Superior Court cases FCM127349 and FCM127729,**
and Plaintiff denies that the amount(s) claimed by Midland
Funding, LLC, The Brachfeld Law Group, P.C. and PerSolve,
LLC, dba Account Resolutions Associates are fixed and
agreed to by Plaintiff, and demands strict proof and an
accounting.

12.   The Plaintiff is informed and believes and therefore
alleges that the purported contract or agreement falls
within a class of contracts or agreements required to be in
writing. The purported contract or agreement alleged in the
complaint(s) was not in writing and signed by Plaintiff or
by some other person authorized by Plaintiff and who was to
answer for the debt, default, or miscarriage of another
person.

13.   The Plaintiff is informed and believes and therefore
alleges that there is no evidence that these purported
assignments were bona fide. There is no evidence of
valuable consideration and no evidence that the purported
assignor(s) are even aware of these action(s) or has
conveyed all rights and control to MIDLAND FUNDING, LLC and

COMPLAINT FOR DAMAGES, INJUNCTIVE & DECLATORY RELIEF AND
ACCOUNTING FOR VIOLATIONS OF THE FAIR DEBT COLLECTIONS ACT
(FDCPA)

The Brachfeld Law Group, P.C. and/or PerSolve, LLC, dba Account Resolutions Associates.

14. That the first time Eugene Korte ever heard of these false claims by defendants Midland Funding, LLC and The Brachfeld Law Group, P.C. and PerSolve, LLC, dba Account Resolutions Associates was when he was served with the above described complaints filed in Solano County Superior Court on February 14,2012 and March 7, 2012.

15. That on June 18, 2012 and July 5, 2012, Plaintiff sent by first class US Mail a Debt Validation letter(s) to Midland Funding, LLC and The Brachfeld Law Group, P.C. via their Attorney ERICA L BRACHFELD, ESQ SBN 180683, of The Brachfeld Law Group, P.C., located at 880 APOLLO STREET, SUITE 155, EL SEGUNDO, CA 90245 and to PerSolve, LLC located 9301 Winnetka Avenue, Suite B, Chatsworth, CA 91311 via PerSolve, LLC.'s Attorney ALAINE PATTI-JELSVIK, ESQ SBN 194748 located at 9301 WINNETKA AVENUE, SUITE B, CHATSWORTH, CA 91311.

COMPLAINT FOR DAMAGES, INJUNCTIVE & DECLATORY RELIEF AND
ACCOUNTING FOR VIOLATIONS OF THE FAIR DEBT COLLECTIONS ACT
(FDCPA)

16. To the best of Plaintiff's knowledge and belief, Defendant(s) have used the mails of the United States to attempt to collect from other alleged 'debtors' an alleged debt purportedly previously owed to an "original creditor," other than Midland Funding, LLC and The Brachfeld Law Group, P.C. and/or PerSolve, LLC, dba Account Resolutions, which have purportedly been "charged off."

17.  Midland Funding, LLC and The Brachfeld Law Group, P.C. and PerSolve, LLC, dba Account Resolutions have violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692e, because they have made and/or employed false, deceptive and misleading representations and/or means in connection with the removed causes of action. Said false, deceptive and misleading representations were and have been made and are being made to the Court, the various Credit Bureaus, and others as more specifically set out hereafter. Some or all of said false, deceptive and misleading representations were knowingly and intentionally made by Midland Funding, LLC and The Brachfeld Law Group, P.C. and PerSolve, LLC, dba Account Resolutions.

COMPLAINT FOR DAMAGES, INJUNCTIVE & DECLATORY RELIEF AND
ACCOUNTING FOR VIOLATIONS OF THE FAIR DEBT COLLECTIONS ACT
(FDCPA)

18.  Midland Funding, LLC and The Brachfeld Law Group, P.C. and PerSolve, LLC, dba Account Resolutions have violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692d because they have engaged in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the Removed Complaints, and as a result of the filing of said Complaints, and in other actions as more specifically set out hereafter. Midland Funding, LLC and The Brachfeld Law Group, P.C. and PerSolve, LLC, dba Account Resolutions knowingly and intentionally engaged in harassing, oppressive, and/or abusive conduct toward the Plaintiff. Midland Funding, LLC and The Brachfeld Law Group, P.C. and PerSolve, LLC, dba Account Resolutions knew or should have known that the natural consequences of said conduct would be to harass, oppress, or abuse the alleged Plaintiff.

19. Midland Funding, LLC and The Brachfeld Law Group, P.C. and PerSolve, LLC, dba Account Resolutions have represented to Solano County Superior Court that they have the legal right to collect the sums sought in the amounts of

COMPLAINT FOR DAMAGES, INJUNCTIVE & DECLATORY RELIEF AND
ACCOUNTING FOR VIOLATIONS OF THE FAIR DEBT COLLECTIONS ACT
(FDCPA)

$2,534.85, interest, attorney fees, and court costs and $4,290.52, interest, attorney fees, and court costs in Solano County Superior Court cases **FCM127349** and **FCM127729**, respectively. Midland Funding, LLC and The Brachfeld Law Group, P.C. and/or PerSolve, LLC, dba Account Resolutions do not in fact have the legal right to collect the sums claimed from Plaintiff, or any other amount, and knew or should have known same when they filed the removed lawsuit(s) against Plaintiff Eugene Korte.

20. Upon information and belief, Midland Funding, LLC and The Brachfeld Law Group, P.C. and PerSolve, LLC, dba Account Resolutions do not have the legal right to collect these sums because no money is owed by Plaintiff to Midland Funding, LLC and The Brachfeld Law Group, P.C., or PerSolve, LLC, dba Account Resolutions and/or any party under whom Midland Funding, LLC and The Brachfeld Law Group, P.C. and PerSolve, LLC, dba Account Resolutions are claiming to hold an assignment, and further, no valid assignment to Midland Funding, LLC and The Brachfeld Law Group, P.C. and/or PerSolve, LLC, dba Account Resolutions

COMPLAINT FOR DAMAGES, INJUNCTIVE & DECLATORY RELIEF AND
ACCOUNTING FOR VIOLATIONS OF THE FAIR DEBT COLLECTIONS ACT
(FDCPA)

exists. Although Midland Funding, LLC's and PerSolve, LLC's
Superior Court Complaint(s) do not expressly allege same,
on knowledge and belief, Plaintiff Eugene Korte believes
Midland Funding, LLC and The Brachfeld Law Group, P.C.
and/or PerSolve, LLC, dba Account Resolutions are claiming
to hold the alleged debt sued on by assignment from another
entity. By falsely representing that there exists a proper
and legally valid assignment between Midland Funding, LLC
and The Brachfeld Law Group, P.C. and/or PerSolve, LLC, dba
Account Resolutions and the original creditor(s) of the
account(s), if Midland Funding, LLC and The Brachfeld Law
Group, P.C. and PerSolve, LLC, dba Account Resolutions is
so representing, and that Midland Funding, LLC and The
Brachfeld Law Group, P.C. and PerSolve, LLC, dba Account
Resolutions have a right of recovery against alleged
Plaintiff thereon, and by filing a lawsuits against Eugene
Korte allegedly thereon, Midland Funding, LLC and The
Brachfeld Law Group, P.C. and PerSolve, LLC, dba Account
Resolutions have violated the FDCPA, and are liable to
Eugene Korte for statutory and actual damages thereon,

COMPLAINT FOR DAMAGES, INJUNCTIVE & DECLATORY RELIEF AND
ACCOUNTING FOR VIOLATIONS OF THE FAIR DEBT COLLECTIONS ACT
(FDCPA)

attorneys' fees, and costs. Said violations include, but are not limited to violations of 15 U.S.C. §1692e, et seq. and 15 U.S.C. §1692d, et seq.

21. Midland Funding, LLC and The Brachfeld Law Group, P.C. and PerSolve, LLC, dba Account Resolutions have made knowing and intentional misrepresentations or misleading and/or false representations as to the legal status, character, and/or amount of the debt in violation of 15 U.S.C. §1692e(2), and in violation of U.S.C.15 §1692e(10).

22. To the best of Plaintiff's knowledge and belief, at the time of filing the removed Solano County lawsuits, Midland Funding, LLC and The Brachfeld Law Group, P.C. and PerSolve, LLC, dba Account Resolutions did not have in their possession, and are unable to acquire or produce, the entire "Purchase Agreement" (or other similar name) pursuant to which it claims to have purchased the said purported "account" or "accounts" of Plaintiff Eugene Korte on which they are suing through the removed cases from Solano County Superior Court case numbers **FCM127349** and **FCM127729**. Midland Funding, LLC and The Brachfeld Law

COMPLAINT FOR DAMAGES, INJUNCTIVE & DECLATORY RELIEF AND
ACCOUNTING FOR VIOLATIONS OF THE FAIR DEBT COLLECTIONS ACT
(FDCPA)

-- 14 --

Group, P.C. and PerSolve, LLC, dba Account Resolutions will only produce, and will only be able to produce, a "Bill of Sale," "Bill of Sale and Assignment," or other document having a similar name, which will make no specific reference to  any "account" allegedly owed by alleged Plaintiff Eugene Korte, and will on its face be an incomplete document, explicitly and specifically making reference to another "master agreement", consisting of the above "Purchase Agreement" or other document having a similar name, to which the said "Bill of Sale" is made subject to, and the terms of which control and govern the said "Bill of Sale." The production of an authenticated "master agreement" or "Purchase Agreement" as described above is necessary, *inter alia*, for Midland Funding, LLC and The Brachfeld Law Group, P.C. and PerSolve, LLC, dba Account Resolutions to be able to make out a case against Plaintiff. At the time of filing the removed lawsuits, Midland Funding, LLC and The Brachfeld Law Group, P.C. and PerSolve, LLC, dba Account Resolutions are aware, or should have been aware, of the above.

**COMPLAINT FOR DAMAGES, INJUNCTIVE & DECLATORY RELIEF AND ACCOUNTING FOR VIOLATIONS OF THE FAIR DEBT COLLECTIONS ACT (FDCPA)**

Thus, for this reason also, Midland Funding, LLC and The
Brachfeld Law Group, P.C. and PerSolve, LLC, dba Account
Resolutions have knowingly and intentionally filed the
removed lawsuits under circumstances in which it knows or
should have known that it would be unable to make out any
claim against Plaintiff Eugene Korte. The above constitute
violations by Midland Funding, LLC and The Brachfeld Law
Group, P.C. and PerSolve, LLC, dba Account Resolutions of
15 U.S.C. §1692d, 15 U.S.C. §1692e, and 15 U.S.C.15 §1692f.

23. By filing suit(s), Midland Funding, LLC and The
Brachfeld Law Group, P.C. and PerSolve, LLC, dba Account
Resolutions have made the false, knowing, and intentional
representation to the Solano County Superior Court and all
other persons having or acquiring knowledge of the claims
of Midland Funding, LLC and The Brachfeld Law Group, P.C.
and PerSolve, LLC, dba Account Resolutions against
Plaintiff, and said suit(s), including credit reporting
bureaus, and persons or entities Plaintiff might seek to
obtain credit from, present or future potential employers
of Eugene Korte, and other persons and entities that it has

COMPLAINT FOR DAMAGES, INJUNCTIVE & DECLATORY RELIEF AND
ACCOUNTING FOR VIOLATIONS OF THE FAIR DEBT COLLECTIONS ACT
(FDCPA)

-- 16 --

the legal right to pursue this account in this Court. By filing the said action with this Court, Midland Funding, LLC and The Brachfeld Law Group, P.C. and PerSolve, LLC, dba Account Resolutions have made false, knowing and intentionally deceptive and/or misleading representations to the general public, creditors of Plaintiff, persons or entities Eugene Korte might seek to obtain credit from, present or future potential employers of Eugene Korte, and others with respect to said account, all of which constitute violations of the Fair Debt Collections Practices Act and the Fair Business Practices Act.

24. Some or all of Defendants' Claim(s) are based on the following facts:

(a) The alleged "debt" or "account" on which Midland Funding, LLC and The Brachfeld Law Group, P.C. and PerSolve, LLC, dba Account Resolutions are basing their claim(s) of right to sue was acquired by Midland Funding, LLC and The Brachfeld Law Group, P.C. and PerSolve, LLC, dba Account Resolutions, or some predecessor party, at auction, or by some other method of acquisition, from a

COMPLAINT FOR DAMAGES, INJUNCTIVE & DECLATORY RELIEF AND
ACCOUNTING FOR VIOLATIONS OF THE FAIR DEBT COLLECTIONS ACT
(FDCPA)

-- 17 --

bank or other financial institution, in blocks of said
"accounts" as large as 5,000, 10,000, 15,000, 20,000,
and/or 25,000 or more in a single transaction.

(b) In said auction, Midland Funding, LLC and The
Brachfeld Law Group, P.C. and PerSolve, LLC, dba Account
Resolutions, or some predecessor party, bid on the block of
"accounts" in which the "account" allegedly owed by
Plaintiff Eugene Korte was included, or acquired said
account along with a large quantity of other accounts by
some other means.

(c) At the said auction, or by some other method of
acquisition, when either Midland Funding, LLC and The
Brachfeld Law Group, P.C. and PerSolve, LLC, dba Account
Resolutions, or some predecessor party, acquired the block
or group of "accounts" which included the "account"
allegedly owed by Plaintiff Eugene Korte, no actual hard
copies, or indeed any records in any form whatsoever of any
of the following were acquired, or transferred from the
bank or other financial institution to Midland Funding, LLC
and The Brachfeld Law Group, P.C. and PerSolve, LLC, dba

COMPLAINT FOR DAMAGES, INJUNCTIVE & DECLATORY RELIEF AND
ACCOUNTING FOR VIOLATIONS OF THE FAIR DEBT COLLECTIONS ACT
(FDCPA)

- 18 --

Account Resolutions or the predecessor party with respect to the following:

(1) any credit card or other agreement, or contract with respect to the specific alleged "account" of Eugene Korte individually;

(2) monthly statements of account, records of charges, payments, interest, fees, or similar records or documents necessary to verify and prove that the said "account" is in fact owed by Plaintiff, and

(3) the correct total amount actually owed, if any, by Plaintiff Eugene Korte; and

(4) any accounting or financial records, including the above records, necessary to prove the breakdown of the purported "total" amount alleged to be owed, with respect to its components, such as principal, interest, late fees, over limit fees, etc.

25. Some or all of Defendants' claims are further based on the following facts:

**COMPLAINT FOR DAMAGES, INJUNCTIVE & DECLATORY RELIEF AND ACCOUNTING FOR VIOLATIONS OF THE FAIR DEBT COLLECTIONS ACT (FDCPA)**

(a) At the said auction, or by some other method of acquisition, the information transferred between buyers and sellers of accounts (purportedly including the removed accounts allegedly owed by Plaintiff and sued on by the Defendants in State Court under the "artful-pleading" doctrine) consisted solely of a "line entry" in digital or electronic format containing, at most, only a name, address, social security number, account number, telephone number, and a "total" dollar amount, without breakdown, and possibly some other very minimal information such as the alleged 'charge-off' date.

(b) Said "total" dollar amount was not broken down into principal, interest, fees, late charges, or in any other manner. To the best of Plaintiff's knowledge and belief this was the method by which the data regarding Plaintiff's alleged debt(s) were transferred from a third party to Midland Funding, LLC and The Brachfeld Law Group, P.C. and PerSolve, LLC, dba Account Resolutions, or some predecessor party, to Midland Funding, LLC and The Brachfeld Law Group, P.C. and PerSolve, LLC, dba Account Resolutions.

COMPLAINT FOR DAMAGES, INJUNCTIVE & DECLATORY RELIEF AND
ACCOUNTING FOR VIOLATIONS OF THE FAIR DEBT COLLECTIONS ACT
(FDCPA)

(c) At the time of filing the removed lawsuits in State Court, Midland Funding, LLC and The Brachfeld Law Group, P.C. and PerSolve, LLC, dba Account Resolutions do not have in their possession records or documents sufficient to prove the necessary elements of their purported claims against Plaintiff, and will not acquire said records or documents, if ever, until after the filing and service of Plaintiff's Federal Lawsuit and Counterclaim. At the time of filing the removed lawsuits, Midland Funding, LLC and The Brachfeld Law Group, P.C. and PerSolve, LLC, dba Account Resolutions, were aware or should have been aware that they did not have in their possession records or documents sufficient to prove the necessary elements of their purported claim against Plaintiff, and further that they will not be able to acquire same.

(d) Further, Midland Funding, LLC and The Brachfeld Law Group, P.C. and PerSolve, LLC, dba Account Resolutions have made no effort to verify or substantiate either:

COMPLAINT FOR DAMAGES, INJUNCTIVE & DECLATORY RELIEF AND
ACCOUNTING FOR VIOLATIONS OF THE FAIR DEBT COLLECTIONS ACT
(FDCPA)

(1) the documentation necessary to prove that Plaintiff in fact currently owes a debt of some amount which it is supposedly acquiring; and

2) the correct amount (if any) which it is claimed is owed by Plaintiff.

(e)  After acquiring the block of accounts, either Midland Funding, LLC and The Brachfeld Law Group, P.C. and PerSolve, LLC, dba Account Resolutions, or some predecessor party, processed the block of accounts through a computer software algorithm "scrubbing" program, designed to select specific "accounts" to file suit on, or otherwise attempt to collect.

(f) Said scrubbing program was optimized to rank said accounts according to two primary criteria, in the following order of importance:

(1) Those "account debtors" LEAST LIKELY to obtain legal representation to defend a lawsuit, or otherwise resist collection efforts, without reference to the validity or accuracy of said debt. As example, said

COMPLAINT FOR DAMAGES, INJUNCTIVE & DECLATORY RELIEF AND
ACCOUNTING FOR VIOLATIONS OF THE FAIR DEBT COLLECTIONS ACT
(FDCPA)

software programs normally rank individuals of the female gender; persons believed to have low income levels; and/or lower than normal education levels as being less likely to obtain legal representation or otherwise resist collection,

(2) Those "account debtors" from whom collection might be more easily made, i.e., having employment from which wages could be garnisheed, or those having bank accounts, or  owning vehicles or other property which could be seized, without reference to the validity or accuracy of said debt.

(g) The above described computer software "scrubbing program" contains no software criteria, software routines, or subprograms to determine the validity of said "debt", and no software criteria, software routines, or subprograms to determine the accuracy or validity of the amounts claimed to be owed.

(h) Said software program and "scrubbing" procedure was used to determine which account debtors would be sued.

COMPLAINT FOR DAMAGES, INJUNCTIVE & DECLATORY RELIEF AND
ACCOUNTING FOR VIOLATIONS OF THE FAIR DEBT COLLECTIONS ACT
(FDCPA)

26. The Plaintiff is informed and believes and therefore alleges that the false claims of debt(s) owed as indicated in Defendants Midland Funding, LLC and The Brachfeld Law Group, P.C. and PerSolve, LLC, dba Account Resolutions' removed complaints and their failure to demand said sums or to validate said debt(s) prior to initiating their lawsuits places the Defendants in violation of the following:

## FIRST CAUSE OF ACTION
### ACCOUNTING

1. Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraph 1-26.

2. Midland Funding, LLC and The Brachfeld Law Group, P.C. and PerSolve, LLC, dba Account Resolutions have purportedly held themselves out to be Plaintiff's assigned creditor. As a result of this purported relationship with Plaintiff, said Defendant(s) have a duty to Plaintiff to properly account for monies owed or payments made by Plaintiff.

COMPLAINT FOR DAMAGES, INJUNCTIVE & DECLATORY RELIEF AND
ACCOUNTING FOR VIOLATIONS OF THE FAIR DEBT COLLECTIONS ACT
(FDCPA)

3.   The amount of money paid or claimed still allegedly owed to Defendants is unknown to Plaintiff and cannot be determined without an accounting.

4.   Midland Funding, LLC and The Brachfeld Law Group, P.C. and PerSolve, LLC, dba Account Resolutions should be ordered to provide written accounting of all sums allegedly due under the terms of the alleged original written contract(s) (if any), an explanation of each amount due, and an accounting of all sums allegedly paid from Midland Funding, LLC, The Brachfeld Law Group, P.C. and PerSolve, LLC, dba Account Resolutions to GE MONEY BANK and CHASE - WAMU for the alleged assignment(s) of the alleged debt(s).

<u>**SECOND CAUSE OF ACTION**</u>

<u>**FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15USC 1692**</u>

5.   Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraph 1-26.

6.   Defendants conduct was negligent or willful or both, rendering them liable for attempting to collect fees,

COMPLAINT FOR DAMAGES, INJUNCTIVE & DECLATORY RELIEF AND ACCOUNTING FOR VIOLATIONS OF THE FAIR DEBT COLLECTIONS ACT (FDCPA)

interest, and expenses from Plaintiff that are not authorized by any agreement or permitted by law, in violation of §1692 f (1).

7.   Defendants conduct was negligent or willful or both, rendering them liable for failing to cease collection of an alleged debt, and not providing proper verification of the debt to the Plaintiff prior to initiating a lawsuit, in violation of §1692 g (b).

8.   As a result of the foregoing violations, Defendants are liable for actual damages, including general damages and special damages in an amount to be proven at trial, but not less than $2,000 per defendant, pursuant to 15 USC §1692(k) a 1.

9.   As a result of the foregoing violations, Defendants are liable for actual damages, including general damages and special damages in an amount to be proven at trial, but not less than $1,000 per Defendant, pursuant to 15 USC §1692(k) a 2 a.

COMPLAINT FOR DAMAGES, INJUNCTIVE & DECLATORY RELIEF AND
ACCOUNTING FOR VIOLATIONS OF THE FAIR DEBT COLLECTIONS ACT
(FDCPA)

10.   As a result of the foregoing violations, Defendants are liable for costs and reasonable attorney's fees pursuant to 15 USC §1692(k) a 3.

11.  As a result of the foregoing violations, Defendants should be enjoined from employing any of the unlawful conduct, methods, acts, or practices under the FDCPA alleged herein or proven at trial.

12.  An actual controversy has arisen and now exists between Plaintiff and defendant(s) concerning their respective rights and duties under the FDCPA. A judicial declaration pursuant to Code of Civ. Procedure §1060 that defendants actions violated the FDCPA is necessary so that all parties may ascertain their rights and duties under the law.

13.  Based on the allegations above and further set forth herein, Midland Funding, LLC and The Brachfeld Law Group, P.C. and PerSolve, LLC, dba Account Resolutions have violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff by, without limitation; continuing to

COMPLAINT FOR DAMAGES, INJUNCTIVE & DECLATORY RELIEF AND
ACCOUNTING FOR VIOLATIONS OF THE FAIR DEBT COLLECTIONS ACT
(FDCPA)

pursue collection of disputed and unverified debt; and
filing suit on an invalid debt, forcing Plaintiff to defend
against an invalid action, and further, and in addition
thereto, knew or should have known that they have engaged
in such conduct, and the said consequences thereof.

14.   Upon information and belief, Midland Funding, LLC and
The Brachfeld Law Group, P.C. and PerSolve, LLC, dba
Account Resolutions have communicated credit information to
persons, including but not limited to credit reporting
bureaus or agencies, with respect to Plaintiff, which they
knew or should have known to be false - including without
limitation allegations that Plaintiff owed the purported
debt(s) which are the subject of the removed action(s),
and/or that Plaintiff owes said debt to Midland Funding,
LLC and The Brachfeld Law Group, P.C. and PerSolve, LLC,
dba Account Resolutions and/or that Midland Funding, LLC
and The Brachfeld Law Group, P.C. and PerSolve, LLC, dba
Account Resolutions are the original creditor(s) of said
alleged debt(s).

COMPLAINT FOR DAMAGES, INJUNCTIVE & DECLATORY RELIEF AND
ACCOUNTING FOR VIOLATIONS OF THE FAIR DEBT COLLECTIONS ACT
(FDCPA)

15.    Upon information and belief, Midland Funding, LLC and The Brachfeld Law Group, P.C. and PerSolve, LLC, dba Account Resolutions have, in violation of 15 U.S.C. §1692e(8) failed to communicate to Plaintiff, other persons and entities, including credit bureaus, and persons yet to be determined, that Plaintiff disputes the alleged debt(s).

16.  By falsely representing that Midland Funding, LLC and The Brachfeld Law Group, P.C. and PerSolve, LLC, dba Account Resolutions are either an assignee of an original creditor, and/or that said assignment constitutes a proper, competent, or valid assignment between Midland Funding, LLC and The Brachfeld Law Group, P.C. and PerSolve, LLC, dba Account Resolutions, and the original creditor of any alleged debt(s) by any alleged original creditor to Midland Funding, LLC and The Brachfeld Law Group, P.C. and PerSolve, LLC, dba Account Resolutions, and/or that Midland Funding, LLC and The Brachfeld Law Group, P.C. and PerSolve, LLC, dba Account Resolutions are the original creditor, Midland Funding, LLC and The Brachfeld Law Group, P.C. and PerSolve, LLC, dba Account Resolutions have made

COMPLAINT FOR DAMAGES, INJUNCTIVE & DECLATORY RELIEF AND
ACCOUNTING FOR VIOLATIONS OF THE FAIR DEBT COLLECTIONS ACT
(FDCPA)

material, false and misleading representations, and have

further communicated to Plaintiff and other persons credit

information which is known or which should be known to be

false, including the above, the failure to communicate that

a disputed debt is disputed, the "re-aging" of said debt,

the false and misleading representation and impression that

Midland Funding, LLC and The Brachfeld Law Group, P.C. and

PerSolve, LLC, dba Account Resolutions are the original

creditor of said debt, and other material false and

misleading representations, and has violated 15 U.S.C.

§1692e, 15 U.S.C. §1692e(8), §1692e(2)(A), §1692e(5),

§1692e(10) and §1692f. Midland Funding, LLC and The

Brachfeld Law Group, P.C. and PerSolve, LLC, dba Account

Resolutions either knew or should have known all of the

above.

17. By reporting the account(s) sued on to credit bureaus

with misleading information regarding the nature and/or

status of said alleged debts with respect to such matters

as the identity of the original creditor, the relevant

dates and ages of said alleged debts, and other matters

COMPLAINT FOR DAMAGES, INJUNCTIVE & DECLATORY RELIEF AND
ACCOUNTING FOR VIOLATIONS OF THE FAIR DEBT COLLECTIONS ACT
(FDCPA)

-- 30 --

which Midland Funding, LLC and The Brachfeld Law Group,
P.C. and PerSolve, LLC, dba Account Resolutions knew or
should have known would mislead, Midland Funding, LLC and
The Brachfeld Law Group, P.C. and PerSolve, LLC, dba
Account Resolutions have violated 15 U.S.C. §1692e(2)(A),
§1692e(8), §1692e(10) and §1692k(a)(3).

18.  The Fair Debt Collection Practices Act, §1692k,
provides for actual damages, statutory damages up to one-
thousand dollars ($1,000.00) per violation, costs of the
action, and reasonable attorneys' fees. Plaintiff has
suffered actual damages as the proximate and actual cause
and result of the violations of the FDCPA by Midland
Funding, LLC and The Brachfeld Law Group, P.C. and
PerSolve, LLC, dba Account Resolutions to be determined at
trial. Midland Funding, LLC and The Brachfeld Law Group,
P.C. and PerSolve, LLC, dba Account Resolutions are liable
to Plaintiff for statutory damages as prescribed by
§1692k(a)(2)(A), actual damages pursuant to §1692k(a)(1) in
an amount to be determined at time of trial, and reasonable
attorneys' fees and costs pursuant to §1692k(a)(3).

COMPLAINT FOR DAMAGES, INJUNCTIVE & DECLATORY RELIEF AND
ACCOUNTING FOR VIOLATIONS OF THE FAIR DEBT COLLECTIONS ACT
(FDCPA)

19.   Plaintiff in this combined Federal Counterclaim hereby prays for actual damages under the federal Fair Debt Collection Practices Act; and the California Fair Debt Collection Practices Act, California Civil Code §§1788 to 1788.33, 1812 to 1812.072; and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788 et seq.; and for statutory damages as set forth above for each and every violation of the federal Fair Debt Collection Practices Act, and the California Fair Debt Collection Practices Act and the Rosenthal Fair Debt Collection Practices Act proven at the trial of this case, and reasonable attorneys' fees and costs thereunder.

**WHEREFORE**, Plaintiff prays for judgment against all defendants as follows:

1.   That Defendant(s) take nothing by way of their removed complaint(s);

COMPLAINT FOR DAMAGES, INJUNCTIVE & DECLATORY RELIEF AND
ACCOUNTING FOR VIOLATIONS OF THE FAIR DEBT COLLECTIONS ACT
(FDCPA)

2.    That Plaintiff recover costs, and reasonable attorney
fees, if incurred;

3.    That Defendant(s) be required to specifically prove all
allegations in their action(s);

4.    That Defendant(s) be required to produce an Accounting
of all sums due under the alleged breach of contract and
account stated claims; and an accounting of all
consideration allegedly paid from Midland Funding, LLC and
The Brachfeld Law Group, P.C. and PerSolve, LLC, dba
Account Resolutions to GE MONEY BANK and CHASE – WAMU,
respectively.

5.    For general damages and special damages in an amount to
be proven at trial, but not less than $2,000 per defendant,
pursuant to 15 USC §1692(k) a 1 under both a Federal Cause
of Action and a State Cause of Action.

6.    For Actual damages, Statutory damages, Punitive
damages, including general damages and special damages in
an amount to be proven at trial, but not less than $1,000

COMPLAINT FOR DAMAGES, INJUNCTIVE & DECLATORY RELIEF AND
ACCOUNTING FOR VIOLATIONS OF THE FAIR DEBT COLLECTIONS ACT
(FDCPA)

per defendant, pursuant to 15 USC §1692(k) a 2 a under both a Federal Cause of Action and a State Cause of Action.

7.   For costs and reasonable attorney's fees pursuant to 15 USC §1692(k) a 3 under both a Federal Cause of Action and a State Cause of Action.

8.   For a judicial declaration pursuant to Federal Rules of Civil Procedure, Rule 57 that defendants actions' violated the FDCPA (15 U.S.C. §1692 et seq.)

9.   For a judicial declaration pursuant to California Code of Civ. Procedure §1060 that defendants' actions violated the Fair Debt Collection Practices Act, California Civil Code §§1788 to 1788.33, 1812 to 1812.072 and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788 et seq.

10.  Damages for intentional infliction of emotional distress to be determined by the Court at trial.

11.  For three times the actual damages.

//

**COMPLAINT FOR DAMAGES, INJUNCTIVE & DECLATORY RELIEF AND ACCOUNTING FOR VIOLATIONS OF THE FAIR DEBT COLLECTIONS ACT (FDCPA)**

12.  And for such other and further relief as the Court may deem just, equitable and proper.


Dated: January 7, 2013

_Eugene Korte_

_____

Eugene Korte

Plaintiff/Complaintant


**COMPLAINT FOR DAMAGES, INJUNCTIVE & DECLATORY RELIEF AND ACCOUNTING FOR VIOLATIONS OF THE FAIR DEBT COLLECTIONS ACT (FDCPA)**