UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE KORTE, | No. 2:13-cv-00035 JAM KJN (PS) |
| Plaintiff, | |
| v. | ORDER |
| MIDLAND FUNDING, LLC, et al., | |
| Defendants. | |

Plaintiff is proceeding in this action without counsel or "pro se." This proceeding was referred to this court by Local Rule 302(c)(21). On October 18, 2013, defendant Persolve, LLC, filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 10. On October 22, 2013, plaintiff filed a document styled as "plaintiff's motion in opposition to defendant's motion to dismiss and for leave of court to amend complaint and add additional defendants and actions." ECF No. 13. On October 22, 2013, plaintiff filed a motion to appoint counsel. ECF No. 12. On the court's own motion, the parties' motions are submitted on the briefing, and the November 21, 2013 hearings are vacated. See Local Rule 230(g).

Where a responsive pleading has been filed, "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b) . . ." Fed. R. Civ. P. 12(a)(1)(B). Here, plaintiff filed his motion to amend his complaint within twenty-one days after defendant filed and served its motion to dismiss pursuant to Rule 12(b)(6). The court notes

1

that plaintiff failed to include an amended complaint with his request. However, in the interest of efficiency, the court will grant plaintiff's request and deny defendant's motion without prejudice to allow it an opportunity to respond to the amended complaint. In preparing his amended complaint, plaintiff is directed to be mindful of the arguments raised in defendant's motion to dismiss.

With regard to plaintiff's motion to appoint counsel, generally, there is no constitutional right to appointed counsel in a civil action. Lassiter v. Dept. of Social Servs., 452 U.S. 18 (1981). Pursuant to 28 U.S.C. § 1915(e)(1), however, a court "may request an attorney to represent any person unable to afford counsel," but will do so only on a showing of "exceptional circumstances." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); accord Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991). "When determining whether 'exceptional circumstances' exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Palmer, 560 F.3d at 970. "Neither of these considerations is dispositive and instead must be viewed together." Id.

Because the pleadings have not yet been resolved, the court remains unable to make a determination that plaintiff is likely to succeed on the merits of his claims. Plaintiff's claims based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, are not unusually complex, and plaintiff has thus far been able to articulate his claims and arguments pro se in court filings. Accordingly, plaintiff's request for the appointment of counsel is denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss (ECF No. 10) is denied without prejudice;

2. Plaintiff's motion for leave to file an amended complaint (ECF No. 13) is granted;

3. Within thirty days from the date of this order, plaintiff shall file an amended complaint;

4. Plaintiff's motion to appoint counsel (ECF No. 12) is denied; and

////

////

////

5. The hearings scheduled before this court on November 21, 2013, are hereby vacated.

Dated: November 13, 2013

kort0035.amend

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3